## FELT & TARRANT MFG. CO. v. WILSON–JONES CO.

District Court, S. D. New York.
July 8, 1940.

Marshall & Hawley and E. W. Marshall, all of New York City, and William F. Waugh and Lawrence W. Brugman, both of Chicago, Ill., for plaintiff.

Duell & Kane, of New York City, Alexander C. Mabee, Benjamin Schlosser, and Samuel Kipnis, all of Chicago, Ill., for defendant.

BONDY, District Judge.

This is a suit for infringement of Newman and Niemann Reissue Patent No. 19,743, granted on October 29, 1935 and Niemann and Ziehm Reissue Patent No. 19,994, granted on June 2, 1936.

The first patent in suit relates to a device for holding a multiplicity of separate sheets or strips of paper in a shingled or overlapping position to expose in alignment similar columns of data on each sheet and thereby facilitate lateral reading of the data on the sheets. The device described in the patent comprises a board or backing support with a row of pins or pegs attached to the upper edge of the backing support to receive the ends of the strips of paper to be shingled thereon, and a movable line guide extending across the backing support. The strips of paper contain holes to engage the pins. The line guide facilitates lateral reading of the data on the sheets and co-operates with the pins to hold the sheets in the desired position.

The three claims of the patent are at issue and read as follows:

"1. A record sheet holder, comprising a backing support adapted to receive a multiplicity of strips of paper having columns of numerical data, a row of pins carried by said backing support for receiving the ends of said strips to hold them in predetermined equally spaced shingled relationship across said backing support with columns exposed and a rigid line guide arrangeable across said strips and movable lengthwise thereof to facilitate lateral reading of items across said plurality of strips.

"2. In a record sheet holder a backing support for a plurality of strips of paper having columns of numerical data, a row of pins carried by said backing support for engaging the ends of said strips of paper to position them in predetermined equally spaced shingled relationship across said backing support with columns exposed, and a straight edge line guide associated with said backing support and extending transversely across said columns to co-operate with said pins to maintain said strips in a desired position.

"3. In a record sheet holder, a backing support for a plurality of strips of paper having columns of numerical data, a row of pins associated with said backing support for engaging the ends of said strips of paper to hold them in predetermined equally spaced overlapping relationship on said backing support with columns exposed, and a straight edge member associated with said backing support and extending across said strips of paper to facilitate lateral reading and extension of items across said plurality of strips, said straight edge member co-operating with said pins to hold said strips in predetermined equally spaced and overlapping relation on said backing support to expose desired columns of data."

The alleged infringing device manufactured and sold by the defendant is also a record sheet holder or summary board. It consists of a backing support, a movable line guide mounted on the side and a flat strip or bar detachably mounted along the top edge of the support. The top surface of the bar carries alternate pins and arches, forming two parallel rows of supports, each row consisting of alternate pins and bases of the arch sections. Sheets of paper with holes at one end to engage a row of the pin and arch supports are placed in shingled relationship upon the bar and spread over the backing support. When the sheets of paper are lifted over the arches on the bar and placed upon the other row of pin and arch supports, and the bar is removed from the backing support and turned around one hundred and eighty degrees in the same plane, and then reattached to the backing support, the under sides of the sheets of paper are exposed in shingled relationship upon the backing support.

The use of record sheet holders upon which sheets of paper could be placed in shingled relationship to expose columns of data on each sheet, and thereby facilitate lateral reading of the data, was clearly dis-

closed in the Jandus and McCarthy Patent No. 424,001, issued March 25, 1890. Although the sheet holder in the Jandus and McCarthy patent does not underlie the full length of the sheets of paper shingled thereon, figure 7 of the drawings discloses that the patentees contemplated that their device would be placed upon a flat horizontal surface, which obviously performs the same function as a backing support. The only element of the device described in the plaintiff's Reissue Patent No. 19,743 which is not disclosed by Jandus and McCarthy is a line guide extending across the shingled strips of paper to hold the strips in their predetermined overlapping position and to facilitate lateral reading. Obviously, an ordinary ruler would perform the same function. The use of a movable line guide associated with a backing support to facilitate lateral reading of data upon sheets of paper placed upon a backing support was disclosed in Crane Patent No. 38,374, granted May 5, 1863, in Prince Patent No. 619,613, granted February 14, 1899, in West Patent No. 761,864, granted June 7, 1904, and in Purkey Patent No. 1,077,998, granted November 11, 1913. The Prince patent expressly stated the function of the line guide to be the prevention of displacement of the sheets of paper upon the backing support as well as the facilitation of lateral reading of the data on the paper.

Moreover, as the defendant has pointed out, earlier patents reveal structures comprising all the elements defined in the claims of the plaintiff's Reissue Patent No. 19,743, namely, the backing support, a row of pins carried by the support and a rigid line guide, and fully capable of performing the functions attributed to the combination of these elements by the patentees of the reissue patent, although no single earlier patent attributes to the device described therein the functions described in plaintiff's patent. Thus the Crane patent discloses a backing support with a row of screws or pegs at the top edge and a line guide. Although the inventor did not specifically disclose the use of strips of paper in shingled relationship, the Crane device apparently is capable of performing all the functions of the plaintiff's device without modification.

■ But assuming that no earlier structure constitutes a complete anticipation, Reissue Patent No. 19,743 does not disclose invention. The Jandus and McCarthy patent presented the main feature of plaintiff's device, the use of a holder to retain sheets of paper in a shingled relationship and thereby facilitate lateral reading of data upon the exposed columns. The substitution of a full length backing support for the flat surface contemplated by Jandus and McCarthy merely by lengthening their sheet holder, the use of pins instead of the Jandus and McCarthy arch supports, and the addition of a line guide, the use of which was well known, to hold the sheets in their predetermined relationship and to aid in the reading of the data involved merely mechanical skill and did not rise to the dignity of invention.

The court accordingly finds Reissue Patent No. 19,743 to be invalid.

■ The invention described in the second patent in suit, Reissue Patent No. 19,994, also relates to a record sheet holder. The device described therein comprises a backing support with a detachable retaining or holding member consisting of a metal bar having a row of pins or pegs for engaging the ends of strips of paper to be shingled thereon and another bar with holes in it to engage those pins. The two bars, when clamped together, hold the strips in the desired position and constitute a unit which may be detached from the backing support, reversed end over end and replaced upon the support, thereby exposing the backs of the strips of paper in shingled relationship.

The second patent in suit differs from the first principally in that the element which retains the strips of paper in shingled relationship is detachably secured to the backing support and in that it may be turned completely around, end over end, without any repositioning of the strips of paper, and reattached to the backing support, thereby exposing to view the backs of the strips of paper in shingled relationship.

Although the patentees in their specifications describe the use of a line guide, none of the claims of the second patent includes a line guide as an element.

Claims, 5, 6, 7, 8, 9, 10, 11, 12 and 14 of this patent are at issue.

Claim 5, which is also typical of claims, 6, 7, 8 and 14, reads: "5. A record sheet holder, comprising a backing support for a multiplicity of strips of paper having edge columns of numerical data, a retaining device engaging and holding said mul-

tiplicity of strips of paper in overlapped relation and with only predetermined columns of data exposed on opposite faces of said strips, said retaining device being reversibly attachable to said backing support to optionally display the exposed columns on the two sides of said strips."

Claim 9, which is also typical of claims 10 and 12, reads: "9. A record sheet holder, comprising a backing support for a multiplicity of strips of paper having edge columns of numerical data, a retaining device engaging and holding said multiplicity of strips of paper in overlapped relation and with only predetermined columns of data exposed on opposite faces of said strips, said retaining device being reversibly attachable to said backing support to optionally display the exposed columns on the two sides of said strips, and means for removably securing said retaining device to said backing support in either position."

Claim 11 reads: "11. In a tabulating device having a backing support for a multiplicity of strips of paper having columns of numerical data and a line guide extending across said multiplicity of strips upon said backing support; a retaining device engaging an edge of each of said strips of paper to maintain said multiplicity of strips of paper in predetermined and desired relation, and means for reversibly attaching said retaining device to said backing support."

As in the case of the first patent in suit, the defendant contends that the prior art discloses structures comprising all the elements described in the claims of the second patent, and capable of performing the functions attributed to such elements by the patentees. Johnson Patent No. 807,383, granted December 12, 1905, and Morden Patent No. 908,598, granted January 5, 1909, disclosed a backing support and a sheet holding device capable of retaining sheets of paper in shingled relationship and capable of being detached from the support, turned around and reattached thereto, thereby leaving the under sides of the sheets of paper exposed in shingled relationship, in the same manner as the defendant's device, though they did not disclose the use of sheets of paper in shingled relationship and did not describe the reversible character of their sheet holding member.

Irrespective of such devices, however, the patentees of the second patent were not the first to devise a structure capable of

and intended to hold strips of paper in shingled relationship, exposing to view either the front or the under sides of the papers, as desired. Jandus and McCarthy Patent No. 424,001, already referred to in connection with the first patent, describes a device upon which sheets of paper could be placed in shingled relationship, and figure 7 shows that the patentees also contemplated that the sheets of paper would be lifted over the arch supports, and the under sides of the papers thereby exposed in shingled relationship, thus functioning in the same manner as the accused device.

In so far, therefore, as the claims of the plaintiff's patent may be construed to cover a device such as the accused device wherein the under sides of shingled sheets of paper are exposed to view by lifting such papers over arch supports and the sheet holding member is then turned around and reattached to a backing support, they are invalid for lack of invention. The addition to the Jandus and McCarthy device of a backing support, and of means whereby the sheet holding member could be detachably mounted thereon, would involve only ordinary mechanical skill and not invention.

The claims in issue, however, do not read upon the defendant's device. While they are not limited to the use of a clamping device for engaging and maintaining the strips of paper in shingled relationship, they refer to the holding member or holding or retaining device as being "reversible". Considered alone, this would include the operation whereby the sheets of paper upon defendant's device are lifted over the arch supports and the sheet holding bar is turned around and reattached to the backing support. The specifications, however (page 2, lines 46 to 63, column 1), indicate that the sheet holder member with its strips of paper is reversible only by being turned completely around as a unit, end over end, without repositioning of the papers. Moreover, claims 1, 2, 3 and 4, which are not in issue, differ from claims 5, 6, 7 and 8 respectively, only in that the former refer to a reversible clamping device and the latter to a reversible holding member or holding or retaining device. It follows that the word "reversible" was used with the same meaning in those claims as well as in the remaining claims in issue, which similarly refer to a reversible holding or retaining device or holder. A clamping device is reversed by being turned around as a unit, end over end, as distinguished from the manner in which the defendant's sheet

holding bar is reversed. The plaintiff's patent therefore is limited to such a method of reversing the sheet holding means.

Claims 5, 6, 7, 8, 9, 10, 11, 12 and 14 of Reissue Patent No. 19,994 accordingly are not infringed.

Proposed decree and proposed findings of fact and conclusions of law are to be submitted in accordance herewith.